IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Nicholas Solis, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) ) |
| Cook County Sheriff's Department, County Of Cook, Cook County Sheriff Thomas Dart, And currently unknown Cook County Sheriff's Department employees, | ) ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

Nicholas Solis, through his attorneys Hale & Monico, complains of Defendants Cook County Sheriff's Department, County of Cook, Cook County Sheriff Thomas Dart, and currently unknown Cook County Sheriff's Department employees and states as follows:

### Parties

1. Plaintiff Nicholas Solis was, during the relevant time, a resident of Cook County, Illinois.

2. Defendant currently unknown Cook County Sheriff's Department employees were, during the relevant time, employees of the Cook County Sheriff's Department and acted within the scope of their employment with Cook County Sheriff's Department and under color of law. These defendants are sued in their individual capacities

3. Defendant Cook County Sheriff Thomas Dart is the currently elected Sheriff of Cook County. Defendant Dart is the final policymaker for the practices, policies, and customs of the Cook County Sheriff's Department and is responsible for training,

supervision, and discipline of Cook County Sheriff's Department employees. Defendant Dart is named as a party in his official capacity.

4. Defendant Cook County Sheriff's Department was, during the relevant time, the employer of currently unknown Cook County Sheriff's Department employees and Cook County Sheriff Thomas Dart.

5. Defendant County of Cook is a municipal corporation organized, existing, and doing business under the laws of the State of Illinois. Defendant County of Cook is named as a party pursuant to the indemnification requirements of 745 ILCS 10/9-102.

## Jurisdiction and Venue

6. This action arises under the Constitutional of the United States, under the laws of the United States, and under the laws of the State of Illinois.

7. The jurisdiction of this Court is invoked under the provisions of 28 U.S.C. §§ 1331 and 1343. Plaintiff also invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367.

8. Venue is proper in the United States District Court for the Northern District of Illinois, Eastern Division, under 28 U.S.C. § 1391(b)(2) as the events complained of occurred within this district.

## Facts

9. On October 14, 2019, Plaintiff was stopped for committing a traffic violation and gave the law enforcement officer an incorrect name.

10. Plaintiff was arrested and charged with obstruction of justice. This case was identified as 19400483001.

11. Plaintiff was taken to Cook County Jail and booked.

12. At that time, Plaintiff had a different pending criminal matter, 17CR1707901.

13. Plaintiff was also a witness in a different pending juvenile proceeding against another individual in case, 17JD00244.

14. Plaintiff was also a witness in a different pending juvenile proceeding against another individual in case 19JA00772.

15. On October 21, 2019, Cook County Jail was ordered to produce Plaintiff as a witness in case 2017JD00244 for a court date on October 29, 2019 pursuant to a Habeas Corpus order.

16. On October 22, 2019, Cook County Jail was ordered to produce Plaintiff as a witness in case 2017JD00244 for a court date on October 28, 2019 pursuant to a Habeas Corpus order.

17. On October 28, 2019, Cook County Jail was ordered to produce Plaintiff as a witness in case 19JA00772 on October 31, 2019 pursuant to a Habeas Corpus order.

18. On October 31, 2019, the "writ" for 19JA00772 was extended to November 13, 2019. Upon information and belief, this writ was so Plaintiff could provide a buccal swab.

19. On November 1, 2019, Plaintiff was found guilty in case 19400483001 and sentenced to 17 days in custody after having spent 17 days in custody; in other words, time served. Plaintiff was then ordered released for 19400483001.

20. On November 12, 2019, Plaintiff was ordered released on an "I-Bond" in case 17CR1707901. The only condition associated with 17CR1707901 was that Plaintiff would have to provide a buccal swap. Plaintiff was given a new court date of February 4, 2020.

21. On November 13, 2019, Plaintiff provided a buccal swap.

22. On November 13, 2019, an order was entered "Do Not Extend" the writ for Plaintiff's presence in case 19JA00772.

23. As of November 13, 2019, there was no lawful authority for Plaintiff to be held in custody at Cook County Jail and he should have been released.

24. Through a combination of deliberate indifference, object unreasonable conduct, and sheer disregard for Plaintiff's safety, currently unknown Cook County Sheriff's Department employees did not release Plaintiff pursuant to the Court Order of November 12, 2019.

25. Upon information and belief, currently unknown Cook County Sheriff's Department employees failed to properly review the court orders and, instead of releasing Plaintiff from custody, placed a "HOLD" on Plaintiff. There was no lawful basis for the unknown Cook County Sheriff's Department employees to place any type of "HOLD" on Plaintiff.

26. Despite Plaintiff's repeated protests that he should have been released, the currently unknown Cook County Sheriff's Department employees refused to release Plaintiff from custody.

27. On January 13 2020, while in the custody of Cook County Jail, Plaintiff was involved in a physical altercation without another detainee. Plaintiff was injured and taken to Cermak Urgent Care. Plaintiff suffered from a broken finger and facial bruising as a result of the fight. After receiving medical treatment, Plaintiff was returned to Cook County Jail.

28. On January 15, 2020, Plaintiff was found to have violated Cook County Jail policy and was given 14 days of no commissary as a punishment.

29. On January 15, 2020, when Cook County Jail revoked Plaintiff's commissary privileges, Plaintiff had been illegally held in Cook County Jail for 63 days.

30. On January 14, 2020, Cook County Jail was ordered to produce Plaintiff as a witness in case 19JA00772 on January 29, 2020 pursuant to a Habeas Corpus order.

31. On January 17, 2020, Assistant State's Attorney Kline sent an email communication to the Cook County Department of Corrections Records division. ASA Kline informed Cook County Jail that the "writ" was not a warrant and he "should not be held on this."

32. January 17, 2020 was the 65th day Plaintiff had been held illegally in Cook County Jail.

33. On January 17, 2020 at 10:03 PM, Plaintiff was finally released from Cook County Jail.

34. From November 13, 2019 through January 17, 2020, the Cook County Sheriff's Department kept Plaintiff in custody at Cook County Jail without any lawful authority by currently unknown Cook County Sheriff's Department employees.

## Claims

### Count I
### 42 U.S.C. § 1983 – Fourth Amendment Violation
### Currently Unknown Cook County Sheriff's Department Employees

35. Plaintiff incorporates all paragraphs of this complaint as though fully set forth herein.

36. On November 12, 2019, Plaintiff was ordered released on an "I-Bond" provided that he submit a buccal swap.

37. On November 13, 2019, Plaintiff provided a buccal swap.

38. On November 13, 2019, the currently Cook County Sheriff's Department employees had no lawful basis to hold Plaintiff in custody at Cook County Jail: Plaintiff

had been given 17 days of time served for case 19400483001 and given an "I-Bond" for case 17CR1707901.

39. The Habeas Corpus writs did not authorize the Cook County Sheriff's Department and currently unknown Cook County Sheriff's Department employees to hold Plaintiff in custody at Cook County Jail. This legal precedent is clearly established as of 2019.

40. The Cook County Sheriff's Department and currently unknown Cook County Sheriff's Department employees violated Plaintiff's 4th Amendment rights by not releasing Plaintiff from custody of the Cook County Jail until January 17, 2020.

41. As a result of the violation of Plaintiff's 4th Amendment rights, Plaintiff suffered injuries, including missing time with his family and physical injuries stemming from the physical altercation with the other inmate.

WHEREFORE, Plaintiff prays for a judgment in his favor and against Defendants on this count and requests an award of compensatory damages, punitive damages, attorneys' fees, costs, and any other relief that is just.

### Count II
### 42 U.S.C. § 1983 - *Monell* Policy Claim
### Cook County Sheriff Thomas Dart

42. Plaintiff incorporates all paragraphs of this complaint as though fully set forth herein.

43. On or about November 13, 2019, Plaintiff had been released on his two pending criminal cases: one sentence was for time served and the other was due to an "I-Bond."

44. While Plaintiff had been in lawful custody, the Cook County Sheriff's Department had been provided with several Habeas Corpus orders to transport Plaintiff from Cook County Jail to court as a witness.

45. Upon information and belief, unknown Cook County Sheriff's Department employees placed a "HOLD" on Plaintiff – thus preventing his release from custody – due to the Habeas Corpus writs.

46. Upon information and belief, Cook County Sheriff's Department does not adequately train its record division personnel to authorize a "HOLD" only for lawful basis.

47. Upon information and belief, there exists a gap in Cook County Sheriff's Department policy to ensure that a "HOLD" is not placed on a detainee who does not have a lawful basis for Cook County Sheriff's Department to detain him or her.

48. Upon information and belief, there exists a gap in Cook County Sheriff's Department policy to ensure that a detainee with a "HOLD" designation is actually being lawfully held and the designation is not the result of a writ or other basis that provides no lawful authority to keep a detainee in custody.

49. Specifically, to Plaintiff, there was no lawful authority for Cook County Sheriff's Department to hold Plaintiff in custody once he received his "I-Bond." But, due to the gap in policy and/or inadequate training, Plaintiff was given a "HOLD" designation and not released from custody.

50. On January 13, 2020, Plaintiff was involved in a physical altercation with another inmate and, on January 15, was disciplined for violating jail policy. At this time, no Cook County Sheriff's Department employee checked to ensure that Plaintiff was being detained in Cook County Jail lawfully.

51. On January 14, 2020, Cook County Sheriff's Department received a Habeas Corpus order to transport Plaintiff to a court hearing on January 29, 2020. At this time, no Cook County Sheriff's Department employee checked to ensure that Plaintiff was being detained in Cook County Jail lawfully.

52. Defendant Thomas Dart is the final policymaker for the policies, practices, and customs – including any and all "gaps" in policy – of the Cook County Sheriff's Department.

53. This gap in policy is a direct cause and the moving force behind Plaintiff being given an unlawful "HOLD" designation when Cook County Sheriff's Department had no legal basis to hold Plaintiff in custody.

54. As a result of this gap in policy, Plaintiff was harmed.

WHEREFORE, Plaintiff prays for a judgment in his favor and against Defendant Dart in his official capacity on this count and requests an award of compensatory damages, attorneys' fees, costs, and any other relief that is just.

### Count III
### Illinois State Law – False Imprisonment
### Currently Unknown Cook County Sheriff's Department Employees and Cook County Sheriff's Department

55. Plaintiff incorporates all paragraphs of this complaint as though fully set forth herein.

56. Plaintiff was released on an "I-Bond" on November 12, 2019 with the condition that he give a buccal swap.

57. On November 13, 2019, Plaintiff gave his buccal swap.

58. Notwithstanding the court-ordered release, Plaintiff was held in custody at Cook County Jail by employees of the Cook County Sheriff's Department from November 13, 2019 through January 17, 2020.

59. From November 13, 2019 to January 17, 2020, Cook County Sheriff's Department had no lawful justification or basis to hold Plaintiff in Cook County Jail and, under Illinois law, a false imprisonment.

60. As a result of being falsely imprisoned by Currently Unknown Cook County Sheriff's Department employees and Cook County Sheriff's Department from November 13, 2019 through January 17, 2020, Plaintiff was harmed and suffered damages.

61. These employees acted within the scope of their employment with Cook County Sheriff's Department. As such, Cook County Sheriff's Department is liable for the conduct of these employees under the doctrine of *Respondeat Superior*.

WHEREFORE, Plaintiff prays for a judgment in his favor and against Defendants on this count and requests an award of compensatory damages, costs, and any other relief that is just.

## Count IV
## Illinois State Law – Indemnification
## County of Cook

62. Plaintiff incorporates all paragraphs of this complaint as though fully set forth herein.

63. During the relevant time, currently unknown Cook County Sheriff's Department employees acted within the scope of their employment with Cook County Sheriff's Department.

64. Pursuant to 745 ILCS 10/9-102, County of Cook is required to indemnify the Cook County Sheriff's Department for any judgment against a sheriff or sheriff deputy for acts or omissions done within the scope of their employment and is required to indemnify any employee for any judgment for acts or omissions done within the scope of their employment.

WHEREFORE, Plaintiff prays that County of Cook be required to indemnify unknown Cook County Sheriff's Department employees and Cook County Sheriff's Department for

any award of compensatory damages, attorneys' fees, and costs awarded against these defendants.

## Jury Demand

65. Plaintiff demands a trial by jury.

Respectfully submitted,<br>
<u>/s/ Shawn W. Barnett</u><br>
Attorney No. 6312312

HALE & MONICO, LLC
53 West Jackson, Suite 337
Chicago, IL 60604
(312) 870-6905