IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Nicholas Solis, ) | |
| ) | Case No. 20 CV 1467 |
| Plaintiff, ) | |
| ) | Honorable Judge Ellis |
| v. ) | |
| ) | |
| Cook County Sheriff's Office, et al., ) | |
| ) | |
| Defendants. ) | |

**Plaintiff's Amended Memorandum in Support of his Motion for Summary Judgment**

Plaintiff Nicholas Solis, through his attorneys, respectfully submits his amended memorandum in support of his motion for summary judgment. Plaintiff moves for summary judgment in his favor as to Count I against Defendant Paul Villanueva and Count III against Defendant Cook County Sheriff's Office. In support, Plaintiff states:

**Introduction**

In November 2019, Plaintiff was ordered released from custody at the Cook County Jail pursuant to receiving an "I-Bond." However, due to a "hold" placed on Plaintiff by Defendant Paul Villanueva, Plaintiff was detained at the Cook County Jail until January 2020: over two months past his release date. This "hold" – imposed on Plaintiff solely due to his having been identified as a witness in a juvenile proceed – was an unlawful detainment and violated Plaintiff's Fourth Amendment rights and Illinois law. As there are no genuine disputes over the material facts of this case, the Court should grant Plaintiff's motion for summary judgment in its entirety.

**Statement of Undisputed Material Facts**

On October 14, 2019, Plaintiff was detained by law enforcement and booking into Cook County Jail relating to charges of obstruction. *Joint Local Rule 56.1 Statement of Undisputed*

1

*Material Facts* ("*SOF*")[1] at ¶¶ 9, 10. Plaintiff's obstruction charge was docketed at Case No. 2019400483001. *Id.* At that time, Plaintiff was also on probation in case number 17 CF 1707901. *Id.* at ¶ 6.

A Writ of Habeas Corpus was issued for Plaintiff to appear as a witness in *State v. Martinez*, 2017 JD 244 on October 21, 2019. *Id.* at ¶ 19. Plaintiff was not a defendant in *State v. Martinez*. *Id.* at ¶ 20. Plaintiff's name also does not appear on the caption of the Writ of Habeas Corpus for *State v. Martinez*. *See Exhibit 7*. That same day, October 21, 2019, an email was submitted to "DOC Records." On that date, Defendant Villanueva was working in that department. *SOF* at ¶ 21. The Writ itself did not identify Plaintiff as a party to the juvenile proceeding nor was Plaintiff's name on the case caption. *Id.* at ¶ 20; *Exhibit 7*.

Defendant Villanueva placed a "hold" on Plaintiff upon receipt of the Writ of Habeas Corpus in the matter of *State v. Martinez*, 2017 JD 244. *Id.* at ¶ 22. Defendant Villanueva did not know whether Plaintiff was a witness, defendant, or co-defendant in the matter. *Id.* at ¶ 23. Defendant Villanueva knew that, absent additional investigation by jail staff, a "hold" would prevent the release of an inmate from custody. *Id.* at ¶ 24. Defendant Villanueva did not take any steps to identify Plaintiff's role in *State v. Martinez* but entered the "hold" anyway. *Id.* at ¶ 25.

On November 1, 2019, Plaintiff was adjudicated guilty in case number 19400483001 for the obstruction of justice, sentenced to 17 days, and given credit for 17 days in custody. *Id.* at ¶ 29. In other words, Plaintiff was sentenced to time served. *Id.*

On November 12, 2019, Plaintiff was released on an "I-Bond" for case number 17 CR 1707901, his probation matter. *Id.* at ¶ 30. Plaintiff was also ordered to appear to give a buccal swab in the matter of *Nathan Macias*, 19 JA 772 to verify parentage; Plaintiff completed the buccal

---

[1] *Docket No. 60.*

2

swab on November 13, 2019 and the writ ordering him to do so was not extended any further. *Id.* at ¶¶ 28, 30, 32, 33, 34.

As of November 13, 2019, Plaintiff had been ordered released on an I-Bond in case number 17 CR 1707901, had been sentenced to "time-served" and ordered released in case number 19400483001, had the writ for 19 JA 772 discharged, and was not a party to *State v. Martinez* 2017 JD 244. *Id.* at ¶¶ 29, 30, 34, 20, *Exhibit 7*. Simply put, there was no legal authority to hold Plaintiff past November 13, 2019.[2] But Plaintiff was not released from custody on November 13, 2019. *SOF* at ¶ 39.

On November 15, 2019, a Cook County Jail administrative assistant named Matthew Jaeky, whose job it was to alert jail staff as to when an inmate was to be released, sent an email notification to jail staff that Plaintiff should be released from custody. *Id.* at ¶¶ 35, 36 However, Jaeky was then informed of the "HOLD" on Plaintiff – which had been placed by Defendant Villanueva – and Jaeky cancelled Plaintiff's release from custody. *Id.* at ¶¶ 37, 38. Plaintiff was not released from custody on November 13, 20 The sole reason Plaintiff was not released from custody on November 15, 2019 was the "HOLD" placed by Defendant Villanueva on October 21, 2019. *Id.* at ¶ 38.

Plaintiff was kept in the custody of the Cook County Jail pursuant to that "HOLD" until January 17, 2020. *Id.* at ¶ 39. On that date, an Assistant State's Attorney with the Cook County State's Attorney's Office notified the Cook County Jail staff of their mistake and that the Writ for 17 JD 244 did not authorize Plaintiff's detainment. *Id.* at ¶ 44. Plaintiff was then released from custody. *Id.* at ¶ 45.

---

[2] While an arrest warrant had been issued for Plaintiff in case 17CR1707901, it was entered as "executed" on October 15, 2019 and not longer justified his detention. *SOF* at ¶ 48.

Plaintiff brings claims under the Fourth Amendment pursuant to 42 U.S.C. § 1983 against Defendant Villanueva (Count I). *Second Amended Complaint* (*Docket No. 30*). Plaintiff also brings a false imprisonment claim under Illinois law against Defendant Cook County Sheriff's Office (Count III). *Id.*

## Legal Standard

Summary judgment is appropriate where the record shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue for trial exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant initially bears the burden of "identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which is believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. Once the movant has met this burden, the non-movant "may not rest upon the mere allegations or denials of the adverse party's pleading," but rather "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e)(2). All facts must be construed in the light most favorable to the non-movant and all justifiable inferences must be drawn in their favor. *Anderson*, 477 U.S. at 255.

## Argument

There is no genuine dispute over the essential issue in this matter – Plaintiff was ordered released from Cook County Jail on an I-Bond on November 12, 2019[3] but was detained in the Jail until January 17, 2020 due to the "HOLD" placed on him by Defendant Villanueva. The law is

---

[3] The Order releasing Plaintiff on an "I-Bond" did also convert Plaintiff's community service to providing a buccal swab. However, there is nothing in the Order establishing that Plaintiff could be detained until that buccal swab was given.

4

clear that Sheriff's Department personnel cannot detain inmates past their release date and such conduct violates the Fourth Amendment. By placing the "HOLD," Defendant Villanueva personally caused the continued detainment of Plaintiff far beyond his court-ordered release date and violated Plaintiff's Fourth Amendment rights. Similarly, the conduct of Sheriff's Office staff in failing to release Plaintiff also violated Illinois state law as they falsely imprisoned him for 66 days. The record in this matter shows that there is no genuine issue of material fact over liability and Plaintiff is entitled to a judgement as a matter of law. As such, the Court should grant Plaintiff's motion for summary judgment as to Counts I and III and set this cause for trial on damages for those claims.

> I. **Defendant Villanueva's conduct violated Plaintiff's Fourth Amendment rights by causing him to be detained without probable cause.**

The Fourth Amendment protects the right of the people to be secure in their persons against unreasonable seizures. *Manuel v. City of Joliet*, 137 S.Ct. 911, 917 (2017). It "establishes the standards and procedures governing pretrial detention" in criminal cases. *Id.* at 914. The standard for pretrial detention is probable cause, that is, official knowledge of "facts and circumstances sufficient to warrant a prudent [person] in believing" the detainee has committed a criminal offense. *Gerstein v. Pugh*, 420 U.S. 103, 111 (1975). The procedure for pretrial detention, for imposing any "extended restraint of liberty" before trial, is a decision by a neutral and detached magistrate rather than a law enforcement officer. *Id.* at 114.

The Fourth Amendment covers claims of "[w]rongful pretrial custody." *Williams v. Dart*, 967 F.3d 625, 632 (7th Cir. 2020). A core function of this Amendment "is to put neutral decision-makers between unchecked official discretion and invasions of private liberty by search or seizure." *Id.* at 633 (quoting *Lo-Ji Sales v. New York*, 442 U.S. 319, 326-27 (1967)). "[T]he primary

purpose of an arrest is to ensure the arrestee appears to answer charges. This purpose is accomplished by bringing the arrestee promptly before the court so that it may issue one of the three orders: discharge, commitment, or bail." *Id.* at 634; *see Virginia v. Moore*, 533 U.S. 164, 173 (2008). "Once the arrestee appears before the court, the purpose of the initial seizure has been accomplished. Further seizure requires a court order or new cause; the original probable cause determination is no justification." *Williams*, 967 F.3d at 634 (cleaned up). Put differently, once an arrestee appears before a court and bail is ordered, the original "probable cause" is exhausted and any further detainment must be supported by another lawful basis. *Id.* at 365.

The case at bar bears striking similarities with the issues in *Williams*. In *Williams*, a group of individuals detained at the Cook County Jail were ordered released on bond by judges in the Circuit Court of Cook County. 967 F.3d at 630. The Cook County Jail and the Sheriff disagreed with the decisions to release these individuals on bond and continued to keep them in custody notwithstanding the court-ordered release. *Id.* at 630-31. On appeal, the Court held that the decisions by the Sheriff to detain individuals past their release date "were not [his] to make." *Id.* at 634. "[C]ourts, not sheriffs, make pretrial detention decisions." *Id.* at 635. Once the arrestees had appeared before the courts, the purpose of the initial seizure had been accomplished. *Id.* at 634. Continued detention past that date "require[d] a court order or new cause; the original probable cause determination is no justification." *Id.* The Court determined that the plaintiffs had stated a valid Fourth Amendment claim based on their detention by the Jail past their release date. *Id.* at 636-37.

There is no reasonable dispute that the probable cause justifying Plaintiff's detainment at the Cook County Jail was exhausted when the court ordered an I-Bond on November 12, 2019. *SOF* at ¶ 30. Likewise, any detention based on the obstruction charge expired when Plaintiff was

6

credited for time served on November 1, 2019. *Id*. at ¶ 29. At that point, the probable cause justifying Plaintiff's detainment was "exhausted" by the court's orders and his release from custody was required. *Williams*, 967 F.3d at 635.

Nor can it plausibly be argued that the Writ of Habeas Corpus for Plaintiff to appear as a witness in *State v. Adam Martinez*, 17 JD 244 was a lawful basis for the continued detention. The purpose of a Writ of Habeas Corpus is to bring before the court any prisoner to testify, not to have a particular jail detain in custody an individual. *See* 735 ILCS 5/10-135. No reasonable argument can be made that a Writ of Habeas Corpus provided the Jail and Defendant Villanueva probable cause that justified his continued detention.

Finally, claims brought pursuant to 42 U.S.C. § 1983 require the personal involvement of the named defendant. *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010). The personal involvement requirement is satisfied if the plaintiff shows that the constitutional deprivation occurs at the defendant's direction or with his knowledge or consent. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). "In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery." *Id.* (citing *Wolf-Lillie v. Sonquist*, 699 F.3d 864, 869 (7th Cir. 1983)). Here, Plaintiff has firmly established the link between Defendant Villanueva's action and the unreasonable detention. It is undisputed that Defendant Villanueva is the officer who placed the unlawful "HOLD" on Plaintiff despite knowing there was no lawful justification for his continued detainment. *SOF* at ¶ 22. Further, Defendant Villanueva knew that the "HOLD" would prevent Plaintiff's release from custody. *Id.* at ¶ 24. And there is no dispute that it was the "HOLD" placed by Defendant Villanueva that caused Plaintiff's discharge from custody to be rejected. *Id.* at ¶¶ 35-39. In short, the violation of Plaintiff's Fourth Amendment rights by way of the unreasonable detention was the direct result of Defendant Villanueva's placing

of the unlawful "HOLD." This is sufficient to establish the personal involvement requirement for Section 1983. *Gentry*, 65 F.3d at 561.

Any argument that Defendant Villanueva may make that his action was merely a safeguard and that additional investigation would result in Plaintiff being released would ignore the law. The Fourth Amendment doesn't permit an officer to illegally detain someone on the off-chance that another officer will investigate further and release the civilian. Either probable cause exists to justify the detention or it doesn't: there is no middle ground. Nor should the Court be persuaded that Defendant Villanueva acted reasonably by placing the "Hold" on Plaintiff. There is absolutely nothing that identified Plaintiff as a party to the *State v. Martinez* matter and even the most cursory review of the Writ itself firmly establishes that fact. If there was any ambiguity over Plaintiff's role in *State v. Martinez*, Defendant Villanueva had every opportunity to conduct an investigation – such as calling the State's Attorney's Office. He conceded he did not do so. *SOF* at ¶ 25.

Finally, no reasonable argument can be made that Plaintiff's right to not be held without probable cause was not clearly defined in late 2019/early 2020. "Indeed, in 2001, the Seventh Circuit recognized a [constitutional] right to be released at the lawful conclusion of a prison sentence and suggested that this right was probably clearly established as early as the late 1980s and early 1990s." *Russell v. Lazar*, 300 F.Supp.2d 716, 724 (E.D.Wis. 2004) (citing *Campbell v. Peters*, 256 F.3d 695 (7th Cir. 2001). While *Russell* focused on the conclusion of a prison sentence and the Eighth Amendment, this is a distinction without a difference. The core holding of *Russell* and *Campbell* was that detaining an individual past their court-ordered release date – whether it be due to a sentence being completed or the posting of a bond – was clearly established. A more recent analogy was in *Santos v. Curran*. 2018 WL 888758 (N.D.Ill. Feb. 14, 2018). In *Santos*, the plaintiff was an individual who detained and charged with domestic battery on April 1, 2017. *Id.*

8

at *1. His sister then posted the plaintiff's bond. *Id.* While in custody, the Lake County Jail – where the plaintiff was being held – received an immigration detainer that the jail notify DHS before the plaintiff was to be released from custody and to maintain custody for a period not to exceed 48 hours after he would otherwise have been released. *Id.* at *2. The court rejected the defendants' claim of qualified immunity. *Id.* at *4. Even if the immigration detainer authorized the defendants to detain the plaintiff for an additional 48 hours after he posted bond, the court reasoned that since it was clearly established that a probable cause determination or warrant was necessary to detain an individual, the defendants violated a clearly established right when they held the plaintiff longer than 48 hours past the time his bond was posted. *Id.* at *4. Other courts have been persuaded by similar reasoning. *Brzowski v. Sigler*, 2021 WL 2529569, at *8 (N.D.Ill. June 21, 2021) (clearly established in 2017 that a failure to investigate whether an inmate is being held longer than the lawful term of his sentence violates the Eighth Amendment if it is the result of indifference; *see also Rivas v. Martin*, 781 F.Supp.2d 775, 781 (N.D.Ind. 2011) ("It is clearly established that a person's constitutional rights are violated if he or she is held for an extended time without a probable cause determination, a warrant, or some other source of authority for his or her detention."); *Johnson v. Herman*, 132 F.Supp.2d 1130, 1141 (N.D.Ind. 2001) (clearly established that an individual had a constitutional right to not be detained without any hearing adjudicating a contempt allegation or an order remanding him to custody).

As in *Santos*, Plaintiff's bond was posted and there was a court order for him to be released on November 13, 2019, once his buccal swab was completed. *SOF* at ¶¶ 30, 32, 33, 34. As such, any detention past November 13, 2019 was unlawful and Defendant Villanueva violated Plaintiff's clearly established rights by causing him to be unreasonably detained.

9

In the end, the issue before the Court is not a close call given the undisputed material facts. Defendant Villanueva placed a "HOLD" on Plaintiff knowing that it would prevent his release from custody and despite knowing the professed basis (a juvenile Writ of Habeas Corpus) for the hold did not justify continued detention. That "HOLD" ultimately caused Plaintiff to be unlawfully detained more than two months past his court-ordered release date. This unreasonable detention violated Plaintiff's rights under the Fourth Amendment and the Court should grant summary judgment in Plaintiff's favor on Count I.

## II. Plaintiff is entitled to summary judgment on his claim that Defendant Cook County Sheriff's Office committed the tort of False Imprisonment.

Under Illinois law, the tort of "False Imprisonment" is the unreasonable restraint of an individual's liberty, against their will, caused or procured by the defendant. *Meerbrey v. Marshall Field and Co., Inc.*, 139 Ill.2d 455, 474 (1990). Both probable cause and imprisonment under legal authority bar claims of false imprisonment. *See, e.g. Mayorov v. United States*, 84 F.Supp.3d 678, 704 (N.D.Ill. 2015). Indeed, "[t]he fact that the original detention may be lawful does not mean that the subsequent detention is." *Sassali v. DeFauw*, 297 Ill.App.3d 50, 52 (2nd Dist. 1998). In *Sassali*, the defendant officers forcibly transported the plaintiff to a hospital and initiated emergency involuntary commitment proceedings. *Id.* at 51. The law mandated that the defendant officers file a petition for involuntary admission by the next day. The defendants did not file this petition within that time period and it was not filed until two days after the initial detainment. *Id*. at 53. Answering a certified question, the court held that the defendants could be liable for false imprisonment for any detention past the time period when the petition was required to be filed. *Id.* at 54.

There can be no reasonable dispute that Plaintiff's liberty was restrained against his will when he was held at Cook County Jail. And, as discussed above, Plaintiff's continued detainment from November 12, 2019 through January 17, 2020 – between his court-ordered release on an I-Bond to when he was actually released from custody – was unreasonable as it was supported by neither probable cause nor any lawful authority. Finally, the failure of the Defendant Sheriff's Office to release Plaintiff was due entirely to Defendant Villanueva placing the unlawful "HOLD" on Plaintiff. Since Defendant Villanueva and the other employees of the Cook County Sheriff's Office was acting within the scope of their employment with Defendant Sheriff's Office during that time period – *SOF* at ¶ 4 – Defendant Sheriff's Office is directly liable under the theory of Respondeat Superior. Thus, for the same reason Defendant Villanueva is personally liable for violating Plaintiff's Fourth Amendment rights for unreasonably detaining Plaintiff past his release date, Defendant Sheriff's Office is directly liable for violating Plaintiff's rights under Illinois law for unreasonably detaining him past his release date. As such, the Court should grant summary judgment in Plaintiff's favor on Count III.

## Conclusion

For the reasons discussed above, Plaintiff is entitled to judgment as a matter of law in his favor on his claims of a Fourth Amendment violation against Defendant Villanueva and for the Illinois tort of False Imprisonment against Defendant Sheriff's Office. The Court should therefore grant Plaintiff's motion for summary judgment in its entirety and schedule a trial on damages for those claims.

Respectfully submitted,

*/s/ Shawn W. Barnett*
Attorney No. 6312312

HALE & MONICO LLC
53 W. Jackson, Suite 337
Chicago, IL 60604
HaleMonico.com
sbarnett@halemonico.com
(312) 870-6905

**Certificate of Service**

I, the undersigned attorney, certify that I filed the foregoing document using the Court's electronic filing system. As a result, copies of the filed document were electronically served upon all counsel of record.

*/s/ Shawn W. Barnett*
